UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | 3:21-CR-078-M |
| | § | |
| MELVIN DENARD HANDY, | § | ECF |
| Defendant. | § | |

**ELEMENTS AND PUNISHMENT OF THE OFFENSE AND FACTUAL RESUME[1]**

In support of the Defendant's plea of guilty to Count One of the one-count Indictment[2] charging a violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2), **MELVIN DENARD HANDY** and his attorney, Assistant Federal Public Defender Juan G. Rodriguez, stipulate and agree to the following:

**THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK**

---

[1] To date, the government has not been willing to allow Mr. Handy to plead to any other charge than the charge that is within the Indictment. Moreover, the government has not been willing to allow Mr. Handy to plead to a "set sentence" or a "cap" to the sentence range pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

[2] There is one substantive Count and one forfeiture notice. Mr. Handy agrees to forfeit, to the government, his interests in the property noted in the Indictment. Mr. Handy also does not oppose the Government's future filing/submission of a Motion and a Proposed Order to this District Court seeking the forfeiture of the aforementioned property. Mr. Handy further agrees that the Government may cite to this footnote to support its Certificate of Conference in the aforementioned future Forfeiture Motion.

## ELEMENTS OF THE OFFENSE

The elements of a violation of 18 U.S.C. § 922(g)(1) are as follows:

1. Mr. Handy knowingly possessed[3] a firearm. The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosion;

2. Before Mr. Handy possessed the firearm, a court of law convicted him of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense;

3. Mr. Handy knew that at the time he possessed the firearm that he had previously been convicted of a felony offense—he knew that he was a felon at the time he possessed the firearm;[4] and

4. The possession of the firearm was in or affected interstate commerce; that is, at some time before Mr. Handy possessed the firearm, it had traveled from one State or Country to another.

---

[3] "Possession of a firearm may be actual or constructive, and it may be proved by circumstantial evidence." United States v. Meza, 701 F.3d 411, 491 (5th Cir. 2012) (citing United States v. De Leon, 170 F.3d 494, 496 (5th Cir. 1999)). "'Constructive possession' may be found if the defendant had (1) ownership, dominion[,] or control over the item itself or (2) dominion or control of the premises in which the item is found." Id. (citing De Leon, 170 F.3d at 496) (remaining citation omitted); see also United States v. Williams, No. 17-20397, 2018 WL 1940409, *2-3 (5th Cir. April, 23, 2018) (unpublished); United States v. Hagman, 740 F.3d 1044, 1048-50 (5th Cir. 2014); United States v. Hinojosa, 349 F.3d 200, 203-04 (5th Cir. 2003); Pattern Jury Instructions, Fifth Circuit 1.31 (2015).

[4] On June 21, 2019, the Court held "that in a prosecution under 18 U.S.C. § 922(g)[(5)] and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he *knew* he belonged to the relevant category of persons barred from possessing a firearm." Rehaif v. United States, 139 S. Ct. 2191, 2200 (U.S. 2019) (emphasis added). Though this broad language appears to include a "knowledge of status" requirement for all nine of the categories under § 922(g), the Court concluded with the following statement: "We express no view, however, about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here." Id. (citation omitted). Here, we have a violation of § 922(g)(1). See id. at 2200 (Appendix, citing § 922(g)(1)). Though Rehaif specifically stated that it was not expressing any view of whether the Government must prove beyond a reasonable doubt that a defendant knows he or she is or was a felon, in an abundance of caution, Mr. Handy includes this additional element in this Factual Resume.

**If it is later determined that Rehaif applies to 18 U.S.C. § 922(g)(1), Mr. Handy waives his right to have that additional element charged in the Indictment.**

## PUNISHMENT FOR THE OFFENSE

Sentence: The maximum penalties a sentencing court can impose include the following:

1. imprisonment for a period not to exceed ten years;

2. a fine not to exceed two-hundred-fifty-thousand dollars, or twice any pecuniary gain to Mr. Handy or loss to the victim(s);

3. the sentencing court may impose a term of supervised release not to exceed three years; if Mr. Handy violates the conditions of supervised release, he could be imprisoned for up to a total of three years, but for no more than two years at one time;

4. a mandatory special assessment of one-hundred dollars;

5. restitution to victims or to the community; and

6. costs of incarceration and supervision.

## SENTENCING IN THIS CASE

Mr. Handy has discussed the Federal Sentencing Guidelines with his attorney and understands that the sentence in this case will be imposed by the district court after it has considered the applicable statutes, the Sentencing Guidelines, and the factors included in § 3553(a). However, neither the Guidelines nor § 3553(a) are binding and the district court, in its discretion, may sentence Mr. Handy to the statutory maximum penalties, if that "sentence [is] sufficient, but not greater than necessary, to comply with the purposes set for in . . . [§ 3553](a)(2)[.]" Mr. Handy understands that if the district court imposes a sentence greater than he expects, he will not be able to withdraw his plea of "guilty" based solely upon that higher sentence as long as the sentence is within the statutory maximum punishment. Congress has abolished parole so if the district court sentences Mr. Handy to a term of imprisonment, he understands that he will not be released on parole.

Mr. Handy further understands that the offense of "Felon-in-Possession-of-a-Firearm" is a felony and conviction for such a felony will deprive him of important constitutional and civil rights, which include, *inter alia*, the right to vote, the right to hold public office, the right to sit on a jury, and the right to actually or constructively possess a firearm.

Mr. Handy is a citizen of this country; accordingly, this conviction will not impact his ability to stay in this country or to return to this country, if at some time he travels outside of this country. Mr. Handy understands that if he was not a citizen of this country, this conviction could result in both his removal and exclusion from this country.

## **CONSTITUTIONAL RIGHTS AND WAIVER OF THOSE RIGHTS**

1. Mr. Handy understands that he has the following constitutional rights:

    a. the right to plead not guilty to the charged offense;

    b. the right to have a speedy trial by a jury in this District;

    c. the right to have his guilt proven beyond a reasonable doubt;

    d. the right to confront and cross-examine witnesses and to call and subpoena witnesses and material in his defense; and

    e. the right to not be compelled to incriminate himself.

2. The waiver of these rights.

Mr. Handy waives the aforementioned rights and pleads guilty to the offense alleged in Count One of the one-count Indictment charging him with violating § 922(g)(1). Mr. Handy understands the nature and the elements of the offense for which he is pleading guilty and agrees that the following stipulated facts are true and will be submitted as evidence.

## STIPULATED FACTS[5]

Mr. Handy admits that on or about December 13, 2020, in the Dallas Division of the Northern District of Texas, after having been previously convicted of a crime punishable by imprisonment for a term exceeding one year — Mr. Handy knew that he was a felon well before the date that he possessed the firearm — he knowingly and unlawfully possessed a firearm and that the firearm that he possessed had previously been shipped and transported in interstate and foreign commerce.

Specifically, Mr. Handy admits and agrees that (1) he knowingly possessed a Ruger, Model SR9C, 9 millimeter pistol, bearing serial number 333-63715; (2) the aforementioned Ruger Model SR9C, 9 millimeter pistol, bearing serial number 333-63715 qualifies as a "firearm;" (3) before he possessed the aforementioned firearm he had previously been convicted of a felony; (4) he knew he qualified as a "felon" and was a felon at the time he possessed the aforementioned pistol; and (5) the aforementioned firearm was manufactured outside of the State of Texas and it traveled to Texas. This conduct violates 18 U.S.C. § 922(g)(1).

## VOLUNTARINESS OF THE PLEA OF GUILTY

Mr. Handy has thoroughly reviewed his constitutional rights, the facts of his case, the elements of the offense of conviction, the statutory penalties, and the Sentencing Guidelines[6] and

---

[5] Mr. Handy understands that the district court is not limited to considering only these stipulated facts, but may consider facts for which Mr. Handy did not stipulate. Cf. 18 U.S.C. §§ 3553(a); 3661; Pepper v. United States, 131 S. Ct. 1229, 1235-51 (2011).

[6] Though undersigned counsel and Mr. Handy have discussed how the applicable chapters of the Federal Sentencing Guidelines will apply to Mr. Handy, and undersigned counsel and Mr. Handy have discussed the potential guideline range in his case, Mr. Handy understands that the conversations were about potential punishments and not a guarantee of what the punishment will be. Mr. Handy understands that only the district judge in his case will make that decision and that the decision will only be made at the sentencing hearing after the district judge has heard all of the evidence and arguments in his case.

§ 3553(a) with his attorney. Mr. Handy has received satisfactory explanations regarding every aspect of this document and the alternatives to signing this document, and he is satisfied with his attorney's representation of him. Mr. Handy concedes that he is guilty of Count One of the one-count Indictment, and he concludes that it is in his best interests to plead guilty.

## RIGHT TO APPEAL

Mr. Handy understands that he has retained all of his rights to appeal and that he has the ability and right to file a Notice of Appeal to the United States Court of Appeals for the Fifth Circuit. Knowing this, Mr. Handy understands that if he wants to appeal either his sentence or his conviction he will have to file a Notice of Appeal within 14 days of the date that the Judgment in his case is filed. **Mr. Handy agrees that within 14 days of the filing of the Judgment he will personally write to the United States Clerk for the Northern District of Texas at the Office of the United States District Clerk, Northern District of Texas, 1100 Commerce Street, 14th Floor, Dallas, Texas 75242, and request that the Clerk file a Notice of Appeal.** Mr. Handy further understands and agrees that within 14 days of the date that the Judgment is filed he will contact the Office of the Federal Public Defender, Northern District of Texas, Dallas Division, and request that a Notice of Appeal be filed in his case. Mr. Handy understands that typically the appeal will not cost him any money, unless the district court orders that he pay some amount of money, and that, unless otherwise ordered, the Office of the Federal Public Defender will write and file the appeal on his behalf.

AGREE TO AND SIGNED this July __7__, 2021.

_____
MELVIN DENARD HANDY
Defendant

_____
JUAN G. RODRIGUEZ
Assistant Federal Public Defender
Attorney for Mr. Melvin Denard Handy